CARD *v*. STATE.

(Division B. May 30, 1938.)

[181 So. 524. No. 33079.]

Patterson &. Patterson, of Calhoun City, for appellant.

**W. D. Conn, jr.,** Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, W. W. Card, was prosecuted for trespass under section 1168, Code of 1930, which reads as follows: "If any person shall go upon the inclosed land of another without his consent, after having been notified by such person or his agent not to do so, either personally or by published or posted notice, or shall remain on such land after a request by such person or his agent to depart, he shall, upon conviction, be fined

not more than fifty dollars for such offense. The provisions of this section shall apply to land not inclosed where the stock-law is in force.''

The prosecuting witness, Paxton, and the appellant owned adjoining land, divided by a fence. The lines had been run some twenty years ago, by an agreement between Paxton and the then owner of the adjoining tract, the line being established at that time where the fence now stands. Subsequently this land adjoining Paxton's place, on the opposite side of the fence, was acquired by Card, who, conceiving that the fence might not be on the correct line procured a surveyor to make a new survey, to which Paxton was not a party, and this survey ran a line some little distance inside the fence on Paxton's side.

Paxton testified that he notified Card not to go upon the land on his side of the fence—that he owned the land, and for twenty years the fence had been the line between the two tracts; and that all this time he had claimed the land which lay inside the fence on his side. He testified that he gave this notice not later than the 5th of May, 1937, and that subsequent to that time, and prior to the 22nd of May, the day the offense was alleged to have been committed in the affidavit, he saw Card go upon the land.

The state sought to prove that Card cut the fence and went upon the land claimed by Paxton, and cut timber therefrom; but the court excluded from the jury the evidence as to cutting the fence and timber, and limited the evidence to Card's going upon the land after notice by Paxton not to do so. Card testified that he did not receive notice not to go upon the land, but that he and Paxton discussed the matter, and that after such discussion he did not, in fact, go upon the land. The jury accepted Paxton's testimony, and returned a verdict of guilty, upon which Card was fined $50.00 and costs.

The appellant contends that the proof should have been limited to the 22nd day of May, and that time was the essence of the offense, and requested an instruction to this effect, which was refused.

Section 1208 of the Code provides: "An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor for the want of a proper or perfect venue." This being true, evidence of the offense could be proven at any time within two years prior to the finding of the indictment. In no case is the time of the commission of the trespass under section 1168 of the Code an element of the offense. The section does not provide any time element, such as nighttime or daytime, or any descriptive matter that would make time an essence of the offense. Consequently there is no reversible error in refusing the instruction mentioned.

Affirmed.